# Exhibit B

STATE OF NEW YORK
SUPREME COURT:  COUNTY OF ERIE

_____

JOHNEYA HENLEY as Administrator of
of the Estate of WILLIAM BERNARD HENLEY,
Deceased,

                              Plaintiff,                    **COMPLAINT**

vs.

                                                           Index No.

ERIE COUNTY,
SHERIFF JOHN C. GARCIA, in his official
and individual capacity as Sheriff of Erie County,
DEPUTY CATHERINE WOOD,
YASMINE ALSAIDI, R.N.,
KEVIN McGEE, D.O.,
DEPUTY ALEXANDER RANICK,
DEPUTY KALEIGH STACK,
DEPUTY ALYSSA PONIWAS,
SERGEANT [first name unknown] STOCKMAN,
DEPUTY DANIEL AYLER,
DEPUTY CAITLIN ALONGI,
and
JOHN DOE 1 through 20 (said Erie County supervisor(s) and/or
or employee(s) or staff on
duty involved in the incident on November 26-27, 2022 and/or
underlying claims),
CITY OF BUFFALO,
OFFICER PADRICK ALLMAN,
OFFICER MATTHEW VAUGHN, and
JOHN DOE 1 through 20 (said City of Buffalo employees on duty who
arrested, processed, booked, monitored, transported, and/or interacted plaintiff's decedent
William Henley on November 25-26, 2022 and/or underlying claims)

                              Defendants.

_____

6737271v1 - 073470.0001

Plaintiff, by and through her attorneys, Ryan C. Johnsen, and Robert M. Corp of

LIPSITZ GREEN SCIME CAMBRIA, LLP, hereby brings this Complaint and Jury Demand and

alleges as follows:

### INTRODUCTION

1.  Erie County, former Erie County Sheriff Howard, and current Erie County Sheriff

Garcia, chose — for nearly two decades — to violate the constitutional rights of the people in their

custody.[1] Though under a legal duty to provide adequate medical care for those in his custody,

Sheriff Garcia has publicly admitted "We're set up to fail, We don't have the means to give

individuals that come through the doors adequate medical help ..." See, "Why Do People Keep

Dying in Erie County's Jails?" available at https://newrepublic.com/article/171009/erie-county-

sheriff-garcia-howard  last accessed on November 21, 2024.

2.  Erie County, former Erie County Sheriff Howard and current Erie County Sheriff

Garcia have knowingly and recklessly denied medical care to the men and women in the Erie

County Holding Center ("ECHC") for years, causing numerous investigations and deaths.[2]

---

[1] See e.g., September 2009 US Department of Justice lawsuit against Erie County and Erie County Sheriff Timothy Howard available at https://www.justice.gov/archive/opa/documents/erie-complaint.pdf last accessed on November 20, 2024; US Department of Justice December 2014 Settlement With the County of Erie, New York to Prevent Disability Discrimination at the Erie County Jail available at https://archive.ada.gov/erie_county/erie_county_sa.htm last accessed on November 21, 2024; March 2021 lawsuit filed by Attorney General James on behalf of the New York State Commission of Correction (SCOC) against Erie County and Erie County Sheriff Timothy Howard available at https://ag.ny.gov/sites/default/files/2021.03.17_opening_papers_binder.pdf last accessed on November 21, 2023.

[2] Id.  The investigations, reports, and decrees are hereby incorporated by referenced as is more fully set forth herein.

3.      In February of 2018, the New York State Commission of Correction, published "THE WORST OFFENDERS REPORT: THE MOST PROBLEMATIC LOCAL CORRECTIONAL FACILITIES OF NEW YORK STATE."[3]

4.      After years of review, the Commission identified the ECHC as one of the top five worst offenders for violating state and federal laws, explaining "the five local jails that are deemed the 'worst offenders' for being in violation of state law. These facilities pose an ongoing risk to the health and safety of staff and inmates and, in instances, impose cruel and inhumane treatment of detainees in violation of their Constitutional rights." At the time of the 2018 report, the NYS Commission had four open inmate mortality investigations at the Erie County Holding Center from 2012-2018 involving: inadequate medical and mental health care; minimum standards violations; and excessive use of force against detainees experiencing a medical and/or mental health crisis in the jail.[4]

5.      Under former Sheriff Timothy B. Howard, and now current Sheriff John C. Garcia, a detainee in the Holding Center in downtown Buffalo or the Erie County Correctional Facility in Alden died, on average, every six months. Despite the state and constitutional mandates to provide detainees with adequate medical care and the staggering death rate, ECHC knowingly and recklessly lacks the means to give individuals that come through its doors adequate medical help.

**FACTS**

6.      Upon information and belief, on November 25, 2022, plaintiff's decedent William Henley was the victim of an assault at 959 Broadway Avenue in the City of Buffalo. During that

---

[3] https://scoc.ny.gov/system/files/documents/2023/09/problematic-jails-report-2-2018.pdf last accessed on November 21, 2024.
[4] Id.

6737271v1 - 073470.0001                         -3-

assault, plaintiff's decedent William Henley suffered significant bodily injury—including injuries to his head, cervical spine (including fracture of the cervical vertebral column), torso (including five fractured ribs), and extremities.

7.      Upon information and belief, later that day, on November 25, 2022, plaintiff's decedent William Henley was arrested by defendants Padraic Allman and Matthew Vaughn, who, upon information and belief, are employees, agents and/or representatives of defendant City of Buffalo.

8.      Upon information and belief, even though plaintiff's decedent William Henley complained about the injuries, pain and limitations from the November 25, 2022, assault to defendants Padraic Allman and Matthew Vaughn at the time of his arrest, these officers did not provide any medical treatment or facilitate any such treatment during the entire time he was in custody.

9.      Upon information and belief, on November 25, 2022, after he was arrested, plaintiff's decedent William Henley was processed and held by employees, agents and/or representatives of defendant City of Buffalo, including defendant(s) John Doe.

10.     Upon information and belief, even though plaintiff's decedent William Henley complained about the injuries, pain and limitations from the November 25, 2022 assault to employees, agents and/or representatives of defendant City of Buffalo, including defendant(s) John Doe when he was processed and held after the arrest, these individuals did not provide any medical treatment or facilitate any such treatment during the entire time he was in custody.

11.     Upon information and belief, after being arrested, processed and held, plaintiff's decedent William Henley appeared before Buffalo City Court on November 26, 2022, relating to his November 25, 2022 arrest.    At this Court appearance, due to dizziness related to the

aforementioned physical trauma, plaintiff's decedent William Henley requested relief from the presiding judge, the Honorable Peter J. Savage, III, to allow him to sit down during proceedings—as his injuries from the November 25, 2022, assault were such that he could not remain standing. At this time, no agent, employee and/or representative of defendant City of Buffalo, including defendant John Doe(s), provided any medical treatment or facilitated any such treatment.

12.     Upon information and belief, at or around the time plaintiff's decedent William Henley appeared in Buffalo City Court, he was turned over to agents, employees and/or representatives of defendant Erie County, including defendant John Doe(s).  At this time, no agent, employee and/or representative of defendant Erie County, including defendant John Doe(s), provided any medical treatment or facilitated any such treatment.

13.     Upon information and belief, on or about November 26, 2022, at approximately 10:58 a.m., plaintiff's decedent William Henley was taken to and booked at ECHC. At this time, defendant Deputy Catherine Wood and defendant John Doe officers were involved in the process of booking and intaking plaintiff's decedent William Henley into ECHC and failed to arrange for medical treatment for plaintiff's decedent William Henley despite his numerous visible, recent and severe (ultimately fatal) injuries.

14.     Upon information and belief, as part of the intake process, employees, agents and/or representatives of defendant Erie County, including defendant John Doe(s), performed multiple scans of various parts of William Henley's body.  Even after these scans were completed, no medical treatment was provided for plaintiff's decedent William Henley.

15.     Upon information and belief, after being booked at ECHC, at approximately 2:37 p.m., plaintiff's decedent, William Henley, was medically screened by defendants, Yasmine

Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees, including defendants John Doe(s).

16.     Upon information and belief, the aforementioned cursory medical screening was completed, and, despite having significant visible injuries, plaintiff's decedent William Henley was deemed medically cleared for general population at 2:53 p.m. by defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees, including defendants John Doe(s).

17.     Upon information and belief, as a result of the injuries from the November 25, 2022, assault, plaintiff's decedent William Henley was left with numerous large bruises, abrasions, and marks reflecting the recent and severe trauma that he had endured.  Upon intake and medical screening, despite the clear and obvious indications of recent and severe trauma, William Henley received no medical treatment other than the aforementioned cursory screen and was placed in a holding cell (Bravo Long #26).

18.     Upon information and belief, while William Henley was in the ECHC throughout the day and evening on November 26, 2022, he repeatedly complained about his injuries and the pain and limitations resulting from those injuries.  He expressed these complaints to fellow inmates and to officers within the ECHC in common areas and from his jail cell on November 26, 2022—specifically complaining to defendants Deputy Alexander Ranick, Deputy Alyssa Ponlwas, Sergeant Stockman who, upon information and belief, all worked the night shift on Bravo Long from the evening of November 26, 2022, through the morning of November 27, 2022.

19.     Upon information and belief, after being processed at the ECHC on November 26, 2022, William Henley was unable to eat food throughout November 26, 2022 and until he passed away on November 27, 2022.  He expressed this inability to officers within the ECHC and to

fellow inmates—specifically complaining to defendants Deputy Alexander Ranick, Deputy Alyssa Ponlwas, Sergeant Stockman who, upon information and belief, all worked the night shift on Bravo Long from the evening of November 26, 2022 through the morning of November 27, 2022.

20.    On the morning of November 27, 2022, plaintiff's decedent William Henley did not respond to a jail deputy bringing a breakfast tray to his cell. During this time, multiple ECHC officers, including defendants Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, and Sergeant Stockman became aware that plaintiff's decedent William Henley had not responded to his breakfast tray.

21.    Upon information and belief, the ECHC officers, including the individually named defendants herein, were concerned enough about plaintiff's decedent William Henley's condition that defendant Sergeant Stockman needed to determine whether he was still alive by, "reportedly shined flashlight on Henley and determined he was still breathing" merely through observation from outside William Henley's cell around 5:00am on November 27, 2022.

22.    Upon information and belief, no ECHC officers, including defendants Deputy Stack, Deputy Alongi, Deputy Ayler, Sergeant Stockman, and other ECHC officers (including certain Defendant JOHN DOE officers), checked on the condition of plaintiff's decedent William Henley between 5:00am and 10:46am on November 27, 2022, despite plaintiff's decedent William Henley not eating, responding, or awakening at any point on November 27, 2022.

23.    Upon information and belief, defendants Deputy Stack, Deputy Alongi, Deputy Ayler, Sergeant Stockman, and other ECHC officers (including certain Defendant JOHN DOE officers) further failed to monitor plaintiff's decedent William Henley's condition at any point between 5:00am and 10:46am on November 27, 2022.

24.     Upon information and belief, at approximately 10:45am on November 27, 2022, defendant Deputy Ayler was assisting defendant Deputy Alongi with meal service and "noticed Henley did not wake up to receive his lunch tray."

25.     Upon information and belief, at approximately 10:45am on November 27, 2022, after multiple attempts to wake up plaintiff's decedent William Henley verbally failed, defendant Deputy Ayler notified defendant Deputy Alongi that plaintiff's decedent William Henley was unresponsive.

26.     Upon information and belief, after failing to awaken plaintiff's decedent William Henley, various ECHC officers initiated medical emergency protocol. Three doses of NARCAN were administered to plaintiff's decedent William Henley, as well as CPR.

27.     Upon information and belief, at 11:21am on November 27, 2022, plaintiff's decedent William Henley was pronounced dead in his jail cell.

28.     After plaintiff's decedent William Henley passed away, defendant Erie County performed an autopsy. In her report, a coroner from the County of Erie Office of the Medical Examiner found that the cause of plaintiff's decedent William Henley's death was "blunt force injuries of head and neck"—injuries that he had suffered hours immediately prior to his November 25, 2022 arrest by defendants Padraic Allman, Matthew Vaughn, and John Doe defendants who were agents, employees and/or representatives of defendant City of Buffalo and prior to presenting to ECHC on November 26, 2022 and interacting with various defendant Erie County agents, employees and/or representatives, including the individually named defendants herein.

29.     Upon information and belief, plaintiff's decedent William Henley's aforementioned injuries were visible to defendants Padraic Allman, Matthew Vaughn, John Doe defendants who were agents, employees and/or representatives of defendant City of Buffalo and

6737271v1 - 073470.0001

-8-

various defendant Erie County agents, employees and/or representatives, including, Sheriff John C. Garcia, Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, Sargent [first name known] Stockman, Deputy Daniel Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20, and was not treated (or referred for treatment) by any such personnel.

30.    To wit, the Erie County Medical Examiner found that plaintiff's decedent William Henley's "Manner of Death" was "homicide" resulting from the blunt force injuries to plaintiff's decedent William Henley's head and neck.  William Henley was in custody of defendant City of Buffalo and/or defendant Erie County for nearly 36 hours immediately preceding his death and was never provided any medical attention for the injuries that caused him to die of a homicide.

31.    Defendants failed to provide adequate and required medical care to plaintiff's decedent William Henley, a person in their custody, during his November 25, 2022 arrest, while he was in custody of the City of Buffalo, while he was in the custody of the City of Buffalo at Buffalo City Court, while he was in custody of the County of Erie during and/or immediately following his appearance in Buffalo City Court, during his initial presentation to ECHC and during his tenure at ECHC prior to his death.

32.    If any of the defendants had initiated an appropriate and required medical intervention or intervened on behalf of plaintiff's decedent William Henley, or requested medical attention on his behalf, he would be alive today.

33.    Defendants' willful and deliberate indifference to plaintiff's decedent William Henley's serious medical needs directly led to his untimely, easily preventable, and unjustifiable death.

34.     Upon information and belief, defendants filed false reports, failed to adequately screen plaintiff's decedent William Henley for medical conditions, failed to timely or adequately respond to requests for medical care, and denied or delayed for excessive periods the provision of necessary specialty care, including transport to a hospital.

35.     Defendants failed to sufficiently monitor or treat plaintiff's decedent William Henley, an individual experiencing great physical symptomology after being assaulted, leaving him instead to languish.

36.     Defendants' failure to provide adequate medical care resulted in the death of plaintiff's decedent William Henley.

37.     William Henley has joined the growing list of human beings who have died in the care and custody of Erie County, the Sheriff, and the Erie County Sheriff's Department since 2005. As of this writing, this list **is now at 33**:

    William B. Henley. 57.
    Sean Riordan. 29.
    James Ellis. 58.
    Michael Frears.
    Robert Ingalsbe. 33
    Daniel Spicola. 40.
    Connell Burrell. 44.
    Joseph E. Bialaszewski. 29.
    Michael J. Girard. 33.
    David Stitt. 63.
    Vincent Sorrentino. 31.
    David Liddick. 42.
    RosieLee Yvette Mendez. 26.
    Richard A. Metcalf Jr. 35.
    Patrick Yale. 49.
    Edward Berezowski. 54.
    Kristian Woods. 40.
    Lester J. Foster. 47.
    Trevell Walker. 36.
    Rakim Scriven. 18.
    Keith John. 26.

-10-

6737271v1 - 073470.0001

Jeremy Kiekbush. 29.
Adam Murr. 31.
Marguerite Arrindell. 54.
John Reardon. 53.
Joann L. Jesse. 48.
Robert J. Henchen. 42.
Joseph Balbuzoski. 37.
Michael G. Roberts. 49.
Marlon Clay. 35.
Daniel McNeil.
Nathan Frailey. 53.
Shaun Humphrey. 52

38.     Defendant Erie County and Erie County Sheriff Garcia have been aware of the constitutionally and legally inadequate care and conditions in ECHC for years, thereby possessing actual and constructive notice of these ongoing and recurring violations.

39.     Reports from multiple outside agencies and consultants have repeatedly documented inadequate medical care, poor education, and poor training of corrections staff in recognizing the signs and symptoms of individuals experiencing potentially fatal medical episodes while at ECHC.

40.     As more fully set forth below, upon information and belief, the defendants Erie County and Erie County Sheriff Garcia have a custom, policy, and practice of failing to provide detainees with mandated medical care and treatment, and instead of treatment, have at times, inflicted punishment, including unlawful use of force, restraint and isolation upon citizen detainees seeking medical aid.

**CONDITION PRECEDENT**

41.     On or about the 8th day of January, 2024, a notice of claim was served on behalf of the estate of William Henley on defendants, in duplicate, which notice of claim sets forth the name

6737271v1 - 073470.0001

-11-

and post office address of the claimant, the name and post office address of his attorneys, the nature of the claim, the time when the place where, and the manner in which the claim arose, together with the items of damages and injuries then known to exist, and was served upon defendants within ninety (90) days of the date upon which the claim arose. At least thirty (30) days have elapsed since the service of the notice of claim, and defendants have failed and neglected to adjust or pay the said claim.

42.     This action falls within one or more of the exceptions set forth in the CPLR §1602.

## PARTIES

43.     Plaintiff Johneya Henley, at all times hereinafter mentioned was and still is a resident of the City of Buffalo located within the County of Erie and the State of New York.

44.     On or about the 19th day of October, 2023, plaintiff, Johneya Henley, was appointed Administrator of the Estate of William Henley, pursuant to an Order of the Surrogate's Court of the County of Erie and the State of New York, and Letters of Administration of the Estate of William Henley were served on the plaintiff, and she is duly qualified and thereafter acted and is still acting as such Administrator.

45.     Defendant, Erie County (the "County") is a governmental subdivision created under the laws of the State of New York. The County is charged by the laws of the State of New York with authority to maintain the Erie County Holding Center (ECHC). The Erie County Holding Center in Buffalo, New York is a pretrial facility owned by Erie County; many people held there are not convicted of a crime. Erie County Sheriff John C. Garcia ("Garcia") is the Sheriff of Erie County and is responsible for the day-to-day operations of ECHC. In his official capacity

as Sheriff, he has the custody, control, and charge of the ECHC, and the pre-trial detainees confined within. Sheriff Garcia is sued in both his individual and official capacity.

46.     Upon information and belief, at all times hereinafter mentioned, defendant, Deputy Catherine Wood, was and still is a resident of the County of Erie and the State of New York. She is sued in her individual and official capacities as an Erie County Sheriff's Deputy affiliated with defendant County of Erie.

47.     Upon information and belief, at all times hereinafter mentioned, defendant, Yasmine Alsaidi, R.N., was and still is a resident of the County of Erie and the State of New York. She is sued in her individual and official capacities as a nurse duly licensed and registered to perform nursing services in the State of New York and is affiliated and/or employed by and/or with defendant Erie County.

48.     Upon information and belief, at all times hereinafter mentioned, defendant, Kevin McGee, D.O., was and still is a resident of the County of Erie and the State of New York. He is sued in his individual and official capacities as a physician duly licensed to practice medicine in the State of New York and is affiliated and/or employed by and/or with defendant Erie County.

49.     Upon information and belief, at all times hereinafter mentioned, defendant, Deputy Alexander Ranick, was and still is a resident of the County of Erie and the State of New York. He/she is sued in his/her individual and official capacities as an Erie County Sheriff's Deputy affiliated with defendant County of Erie.

50.     Upon information and belief, at all times hereinafter mentioned, defendant, Deputy Kaleigh Stack, was and still is a resident of the County of Erie and the State of New York. She is sued in her individual and official capacities as an Erie County Sheriff's Deputy affiliated with defendant County of Erie.

-13-

6737271v1 - 073470.0001

51.    Upon information and belief, at all times hereinafter mentioned, defendant, Deputy Alyssa Ponlwas, was and still is a resident of the County of Erie and the State of New York. She is sued in her individual and official capacities as an Erie County Sheriff's Deputy affiliated with defendant County of Erie.

52.    Upon information and belief, at all times hereinafter mentioned, defendant, Sergeant [first name unknown] Stockman, was and still is a resident of the County of Erie and the State of New York. He/she is sued in his/her individual and official capacities as an Erie County Sheriff's Deputy affiliated with defendant County of Erie.

53.    Upon information and belief, at all times hereinafter mentioned, defendant, Deputy Daniel Ayler, was and still is a resident of the County of Erie and the State of New York. He is sued in his individual and official capacities as an Erie County Sheriff's Deputy affiliated with defendant County of Erie.

54.    Upon information and belief, at all times hereinafter mentioned, defendant, Deputy Caitlin Alongi, was and still is a resident of the County of Erie and the State of New York. He/she is sued in his/her individual and official capacities as an Erie County Sheriff's Deputy affiliated with defendant County of Erie.

55.    Upon information and belief, at all times hereinafter mentioned, defendant, JOHN DOE 1 through 20, were and still are residents of the County of Erie and the State of New York. He/she/they are sued in his/her/their individual and official capacities.

56.    Upon information and belief, at all times hereinafter mentioned, defendant, Sheriff John C. Garcia, was acting within his authority as an Erie County Sheriff and acting under color of state law.

6737271v1 - 073470.0001

-14-

57.    Upon information and belief, at all times hereinafter mentioned, defendants, Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, Sargent [first name known) Stockman, Deputy Daniel Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20, were hired and/or employed by defendants, Erie County and were acting within their authority as an Erie County Deputy Sheriff(s) and/or officer(s) and/or staff and acting under color of state law.

58.    Upon information and belief, at all times hereinafter mentioned, defendants Erie County and/or Sheriff Garcia were responsible for the supervision, administration, policy, practices, procedures, and customs of the Erie County Sheriff's Department, and are responsible for the hiring, training, discipline, and control of the ECHC staff, including the individually named defendants herein.

59.    At all times hereinafter mentioned and in all their actions described herein, defendants, pursuant to the authority vested in the employees, servants, and agents of defendant Erie County and/or Sheriff Garcia, were acting under color of the statutes, ordinances, regulations, policies, customs, and usages of Erie County and/or Sheriff Garcia and under color of state law.

60.    At all times hereinafter mentioned and in all their actions described herein, the employees, servants, agents of defendant Erie County and/or defendant Sheriff Garcia at the ECHC were acting within the scope of their employment and incidental to their otherwise lawful duties and functions.

61.    Upon information and belief, at all times hereinafter mentioned, defendants, Erie County and/or Sheriff Garcia, owned, maintained, operated, managed, directed, controlled, and staffed the ECHC, located at 40 Delaware Avenue within the City of Buffalo, County of Erie and State of New York, and were responsible for the care and custody of all detainees at said facility.

6737271v1 - 073470.0001
-15-

62.     Upon information and belief, at all times hereinafter mentioned, defendants Erie County and/or Sheriff Garcia employed and controlled the individuals responsible for the hiring, training, and discipline of Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, Sargent [first name known) Stockman, Deputy Daniel Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20. Defendant, Erie County and/or Sheriff Garcia, employed and controlled the individuals responsible for the assignment, dispatch, oversight and supervision of defendants, Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, Sargent [first name known) Stockman, Deputy Daniel Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20. Defendants, Erie County and/or Sheriff Garcia, also created, instituted, and oversaw enforcing the policies, practice, and procedures at issue in this action.

63.     Defendants, Erie County and/or Sheriff Garcia, was responsible for the hiring, training, supervision, discipline, retention, and promotion of employees of the ECHC staff.

64.     Upon information and belief, defendant City of Buffalo is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York.

65.     Upon information and belief, defendant Officer Padrick Allman and still is a resident of the County of Erie and the State of New York. He is sued in his individual and official capacities as a defendant City of Buffalo police officer.

66.     Upon information and belief, defendant Officer Matthew Vaughn and still is a resident of the County of Erie and the State of New York. He is sued in his individual and official capacities as a defendant City of Buffalo police officer.

-16-

67.    Upon information and belief, defendant John Doe 1-20 (said City of Buffalo employees who arrested, processed, booked, monitored, transported, and/or interacted plaintiff's decedent William Henley on November 25-26, 2022 and/or underlying claim) were and still are a resident of the County of Erie and the State of New York.  He/she are sued in his individual and official capacities as a defendant City of Buffalo police officers.

68.    Upon information and belief, at all times hereinafter mentioned, defendants, Padrick Allman, Matthew Vaughn and JOHN DOE 1 through 20, were hired and/or employed by defendant, City of Buffalo and were acting within their authority as a defendant City of Buffalo police officer and/or staff and acting under color of state law.

69.    Upon information and belief, at all times hereinafter mentioned, defendant City of Buffalo was responsible for the supervision, administration, policy, practices, procedures, and customs of defendant City of Buffalo Police Department, and are responsible for the hiring, training, discipline, and control of defendant City of Buffalo Police Department officers.

70.    At all times hereinafter mentioned and in all their actions described herein, defendants, Padrick Allman, Matthew Vaughn and JOHN DOE 1 through 20, pursuant to the authority vested in the employees, servants, and agents of defendant City of Buffalo, were acting under color of the statutes, ordinances, regulations, policies, customs, and usages of defendant City of Buffalo and under color of state law.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS YASMINE ALSAIDI, R.N. and KEVIN McGEE, D.O.

71.    Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

6737271v1 - 073470.0001

-17-

72. Upon information and belief, at all times herein mentioned, the defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees, undertook the care and treatment of plaintiff's decedent, William Henley, when he presented to ECHC November 26, 2022, at approximately 10:58 a.m.

73. After his presentation to ECHC at approximately 10:58 a.m., on November 26, 2022, at approximately 2:37 p.m., plaintiff's decedent, William Henley, was medically screened by defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees.

74. After this aforementioned screening, despite having blunt force injuries to his head and neck (including a C3-C4 fracture), plaintiff's decedent, William Henley, was deemed medically cleared for general population at 2:53 p.m. by defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees.

75. Upon information and belief, at all times herein mentioned, defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees, were negligent and committed acts of medical malpractice in the rendition of services to plaintiff's decedent, William Henley.

76. Upon information and belief, at all times herein mentioned, defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees, jointly and severally failed to exercise due and reasonable care under the circumstances in rendering care and treatment to plaintiff's decedent, William Henley, so as to avoid injury to the plaintiff's decedent, William Henley, and failed to properly, adequately and correctly assess, diagnose and treat plaintiff's decedent William Henley's condition.

77.     Upon information and belief, as a result of the negligence and medical malpractice on the part of defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees, plaintiff's decedent, William Henley, sustained bodily injuries and was painfully and seriously injured; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; and ultimately died.

78.     Upon information and belief, as a result of the negligence and medical malpractice of defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., and Erie County, by their agents, servants and/or employees, plaintiff's decedent, William Henley, sustained severe and permanent injuries as hereinbefore more fully set forth, including conscious pain, suffering, and death.

79.     Upon information and belief, at all times herein mentioned, defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O., were agents, servants and/or employees of the defendant, Erie County., and were acting within the scope of those agencies.

80.     Upon information and belief, defendant Erie County is liable for the actions of defendants, Yasmine Alsaidi, R.N., Kevin McGee, D.O. based on a theory of respondeat superior.

81.     This action falls within one or more of the exceptions set forth in CPLR § 1602.

82.     As a result of the foregoing, the plaintiff sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS ERIE COUNTY, SHERIFF JOHN C. GARCIA, DEPUTY CATHERINE WOOD, YASMINE ALSAIDI, R.N., KEVIN MCGEE, D.O., DEPUTY ALEXANDER RANICK, DEPUTY KALEIGH STACK, DEPUTY ALYSSA PONLWAS, SARGENT [first name known) STOCKMAN, DEPUTY DANIEL AYER, DEPUTY CAITLIN ALONGI, and JOHN DOE 1 through 20**

6737271v1 - 073470.0001

Case 1:24-cv-01261-LJV    Document 1-2    Filed 12/20/24    Page 21 of 28

83.    Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

84.    Upon information and belief, the incident hereinbefore described and the resultant injuries and death were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants, and/or employees of defendants, Erie County, Sheriff John C. Garcia, Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, Sargent [first name known) Stockman, Deputy Daniel Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20, and more particularly, among other things, in their failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including transport, assessments, monitoring, examinations and medications; in failing to perform proper checks of plaintiff's decedent William Henley's condition while housed in a holding cell (Bravo Long #26); in filing of false reports; in failing to properly and in a timely manner respond to plaintiff's decedent William Henley's complaints, symptoms and requests for treatment; in deliberately, purposefully, and knowingly denying detainees like plaintiff's decedent William Henley access to necessary medical treatment; and in negligently furthering the deterioration of plaintiff's decedent William Henley's medical condition by ignoring his symptoms and complaints.

85.    Upon information and belief, the incident hereinbefore described and the resultant injuries and death were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants, and/or employees of defendants, Erie County, Sheriff John C. Garcia, Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, Sargent [first name known) Stockman, Deputy Daniel Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20,

6737271v1 - 073470.0001

were caused by those acts and omissions of the agents, servants and/or employees of the Erie County, Sheriff John C. Garcia, Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, Sargent [first name known) Stockman, Deputy Daniel Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20, in their failure to properly and adequately train, supervise, instruct their employees, staff and/or officers with regard to the proper and timely medical treatment of detainees; in failing to properly and adequately train, supervise, instruct their employees, staff and/or officers in recognizing the signs and symptoms of acute physical injuries; in the failure to respond to plaintiff's decedent William Henley's medical crisis in an expeditious manner; and in violating plaintiff's decedent William Henley's state and federal constitutional and statutory rights as well as internal policies by engaging in excessive force, failing to provide adequate medical care, and failing to take reasonable measures to guarantee the safety of plaintiff's decedent William Henley.

86.    Upon information and belief, as a result of the negligence of defendants, Erie County, Sheriff John C. Garcia, Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy Alyssa Ponlwas, Sargent [first name known) Stockman, Deputy Daniel Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20, plaintiff's decedent, William Henley, sustained severe and permanent injuries as hereinbefore more fully set forth, including conscious pain, suffering, and death.

87.    This action falls within one or more of the exceptions set forth in CPLR § 1602.

88.    As a result of the foregoing, plaintiff sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS' CITY OF BUFFALO, OFFICER PADRAIC ALLMAN, OFFICER MATTHEW VAUGHN, and JOHN DOE 1-20**

89.    Plaintiff Johneya Henley incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

90.    Upon information and belief, the incident hereinbefore described and the resultant injuries and death were caused as a result of the negligence, carelessness, recklessness and/or unlawful conduct on the part of the agents, servants, and/or employees of defendants, City of Buffalo, Padraic Allman, Matthew Vaughn and John Doe 1 through 20, and more particularly, among other things, in their failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including transport, assessments, monitoring, examinations and medications after plaintiff's decedent William Henley's arrest on November 25, 2022; in their failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including transport, assessments, monitoring, examinations and medications after plaintiff's decedent William Henley was processed on November 25, 2022; in their failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including transport, assessments, monitoring, examinations and medications after plaintiff's decedent William Henley was held from November 25, 2022 through the morning of November 26, 2022; in failing to properly and in a timely manner respond to plaintiff's decedent William Henley's complaints, symptoms and requests for treatment; in deliberately, purposefully, and knowingly denying plaintiff's decedent William Henley access to necessary medical treatment; and in negligently furthering the deterioration of plaintiff's decedent William Henley's medical condition by ignoring his symptoms and complaints.

-22-

91.    Upon information and belief, as a result of the negligence of defendants, defendants, City of Buffalo, Padraic Allman, Matthew Vaughn and John Doe 1 through 20, plaintiff's decedent, William Henley, sustained severe and permanent injuries as hereinbefore more fully set forth, including conscious pain, suffering, and death.

92.    This action falls within one or more of the exceptions set forth in CPLR § 1602.

93.    As a result of the foregoing, the plaintiff sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS

94.    Plaintiff Johneya Henley incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

95.    Plaintiff's decedent William Henley left surviving his biological children, plaintiff Johneya Henley and Rakim Henley as well as biological grandchildren.

96.    Plaintiff's decedent William Henley's next of kin were dependent upon plaintiff's decedent William Henley for support, maintenance, nurture, comfort, advice, aid, and society, which they are now deprived of because of the aforesaid incident.

97.    Plaintiff's Decedent William Henley's next of kin suffered loss of love, society, protection, comfort, companionship, and consortium resulting from plaintiff's decedent William Henley's death, which they are now deprived of because of the aforesaid incident.

98.    As a result of the aforesaid incident, medical, funeral, and burial expenses have been incurred.

-23-

6737271v1 - 073470.0001

99.   As a result of the foregoing, plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS ERIE COUNTY and SHERIFF JOHN C. GARCIA

100. Plaintiff Johneya Henley incorporates by reference each and every allegation contained in the above paragraphs as if set forth fully herein.

101. A municipality, such as Erie County, may be held liable under § 1983 when their official policies, practices, or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

102. Defendants, Erie County and Sheriff John C. Garcia, established, condoned, ratified, and/or encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiff's Decedent William Henley, and the damages and injuries described herein. They did so with deliberate indifference to the rights of the detainee. These written and unwritten policies, customs, patterns, and practices included:

   i.    Failing to adequately staff their department with sufficient deputies, staff, and employees (including health care workers), for welfare checks, medical assessment, monitoring, and medical treatment.

   ii.   Failing to train, supervise and discipline deputies, staff, and employees at the ECHC responsible for welfare checks, medical assessment, monitoring, and medical treatment.

   iii.  Failing to utilize qualitative benchmarks to assess the quality of medical care

-24-

ECHC provides to its detainees.

iv. Failing to take steps to ensure that deputies, staff, and employees at the ECHC do not falsify welfare checks and/or medical assessments and logs.

v. Failing to adequately staff their department with sufficient deputies, staff, and employees (including health care workers), for detainees with serious physical injuries suffered before presenting to defendant Erie County and its employees, agents and/or representatives.

vi. Failing to have in place, or failing to follow, a policy or procedure to prevent officers from denying detainees access to necessary medical treatment for serious physical injuries suffered before presenting to defendants.

vii. Failing to properly screen, during the booking process, and supervise thereafter, prisoner, inmate, and/or detainee for serious physical injuries suffered before presenting to defendant Erie County and its employees, agents and/or representatives.

viii. Failing and omitting to properly and in a timely manner administer, provide and/or ensure for adequate medical treatment, including transport, assessments, monitoring, examinations, and medications.

ix. Failing to properly and in a timely manner respond to medical complaints, symptoms, and requests for treatment.

x. Deliberately, purposefully, and knowingly denying detainees access to necessary medical treatment for serious physical injuries suffered before presenting to defendant Erie County and its employees, agents and/or representatives.

-25-

xi.    Failing to properly and adequately train, supervise, instruct their employees, staff and/or officers about the proper and timely medical treatment of detainees; and in recognizing the signs and symptoms of acute serious physical injuries suffered before presenting to defendant Erie County and its employees, agents and/or representatives.

xii.    Failing to immediately seek hospital treatment for detainees in need of it.

103. At all relevant times, defendant Erie County and its employees, agents and/or representatives acted unreasonably and with deliberate indifference and disregard for the constitutional and civil rights of the detainee plaintiff's decedent William Henley. The actions of the defendants were malicious, willful, wanton, and reckless.

104. The failure by defendant Erie County and its employees, agents and/or representatives to supervise, train, or discipline personnel was so obvious that the failure to do so amounted to a policy of "deliberate indifference."

105. Such acts as alleged herein were the proximate cause of injury and damage to the inmate, detainee, and/or prisoner, plaintiff's decedent William Henley.

106. As a result of the foregoing, plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### RELIEF REQUESTED

Plaintiff, respectfully requests that this Court:

a.    Exercise jurisdiction over plaintiff's claims and grant her a jury trial;

6737271v1 - 073470.0001

-26-

b.   Award plaintiff economic and non-economic damages, in an amount to be
ascertained according to proof, and interest on said sums from the date of
Judgment;

c.   Award plaintiff punitive damages against defendants, Erie County, Sheriff
John C. Garcia, Deputy Catherine Wood, Yasmine Alsaidi, R.N., Kevin
McGee, D.O., Deputy Alexander Ranick, Deputy Kaleigh Stack, Deputy
Alyssa Ponlwas, Sargent [first name known) Stockman, Deputy Daniel
Ayer, Deputy Caitlin Alongi, and JOHN DOE 1 through 20, in an amount
sufficient to punish them and deter others from similar conduct;

d.   Award plaintiff reasonable attorney's fees and costs as provided by 42
U.S.C. § 1988; and

e.   Grant plaintiff such other and further relief as this Court deems just and
appropriate, including, declaratory and injunctive relief

a.   appointing experts to investigate and identify appropriate solutions
to the chronic and unconstitutional practices described herein.


DATED:      Buffalo, New York
            November 25 , 2024        **LIPSITZ GREEN SCIME CAMBRIA LLP**

                                      By: _____
                                      RYAN C. JOHNSEN, ESQ.
                                      ROBERT M. CORP, ESQ.
                                      Attorneys for Plaintiff
                                      42 Delaware Avenue, Suite 120
                                      Buffalo, New York 14202-3924
                                      (716) 849-1333

6737271v1 - 073470.0001                    -27-